FILED
United States Court of Appeals
Tenth Circuit

October 10, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

VERA BARRERA,

     Plaintiff - Appellant,

v.

GREGORY KROSKEY,

     Defendant - Appellee.

No. 13-3162
(D.C. No. 6:12-CV-01376-CM-GLR)
(D. Kansas)

_____

ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **O'BRIEN** and **GORSUCH**, Circuit Judges.

_____

     Vera Barrera filed a complaint under 42 U.S.C. § 1983 alleging that

Officer Gregory Kroskey of the Goodland, Kansas, police department violated the Fourth

Amendment by searching her apartment without a warrant. The United States District

Court for the District of Kansas granted summary judgment for Kroskey, concluding that

Barrera's adult daughter consented to the search. On appeal Barrera contends that her

_____

     [*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

daughter lacked actual authority to consent and that her consent was coerced. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The facts are undisputed. On June 2, 2012, Kroskey was investigating a theft of some tools from a garage where Barrera's daughter, Ana Ledesma, had recently been working. Kroskey's investigation led him to Barrera's apartment, where he had been told Ledesma lived. When Kroskey arrived, Ledesma emerged and the two briefly discussed the theft. When he asked if he could search the apartment, she said that the apartment was Barrera's but that she lived there too. Kroskey responded that he did not need Barrera's permission if Ledesma gave permission. Ledesma said, "[O]kay," R. at 91, or "OK. Go on in," *id.* at 92, and Kroskey entered the apartment.

Unbeknown to Kroskey, Barrera had been in the bedroom of the apartment the entire time. She discovered him toward the back of the apartment and asked what he was doing there. He said he was searching Ledesma's apartment. Barrera responded that the apartment was hers, not Ledesma's, and she asked Kroskey to leave, which he did.

Although Ledesma's name was not on the lease, Ledesma had been living with her mother for two or three months before the incident, received mail at the apartment, kept her clothes there, had a key, paid some form of rent, and had never been told that there was any part of the apartment she could not enter. Kroskey did not threaten either woman during the encounter, and Ledesma testified that Kroskey's conduct toward her in the past had always been professional and appropriate.

2

The district court concluded that no reasonable jury could find that Ledesma lacked actual authority and no reasonable jury could find that Ledesma's consent was involuntary. We agree.

"We review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied." *Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1077 (10th Cir. 2011) (internal quotation marks omitted). Summary judgment is appropriate if the pleadings and the record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

Although the Fourth Amendment generally prohibits warrantless searches of homes, a warrantless search is valid if the owner or a third party with actual or apparent authority voluntarily consents. *See United States v. Bass*, 661 F.3d 1299, 1303 (10th Cir. 2011). Whether a third party has actual authority depends on whether the third party had either "mutual use of the property by virtue of joint access," or "control for most purposes over it." *United States v. Cos*, 498 F.3d 1115, 1125 (10th Cir. 2007) (internal quotation marks omitted).

Barrera argues that Ledesma did not have actual authority to consent to the search because only Barrera's name is on the lease. The argument has no merit. Authority to consent to a search is "broader than the rights accorded by property law." *Georgia v. Randolph*, 547 U.S. 103, 110 (2006). A person who has no technical property interest may still have actual authority to consent to a search by virtue of joint access to or control

3

over the property. *See id.* This rule is based on the common understanding that co-occupants generally assume the risk that other co-occupants might allow the police to enter. *See id.* at 110–11. In light of this common understanding, police have no duty to "eliminate the possibility of atypical arrangements, in the absence of reason to doubt that the regular scheme was in place." *Id.* at 112.

Because Ledesma lived in the apartment, received mail there, had a key, paid some form of rent, and had never been told that there was any part of the apartment she could not enter, she had joint access to the property and hence actual authority to consent to the search. Nothing in the record suggests that Kroskey should have doubted that the women had an ordinary co-occupant relationship. Having obtained consent from Ledesma, Kroskey had no obligation to seek out Barrera and determine whether she also consented.

Of course, Ledesma's consent to the search was valid only if it was voluntary. *See Bass*, 661 F.3d at 1303. Whether consent was voluntary is a question of fact to be determined by the totality of the circumstances. *See United States v. Silva-Arzeta*, 602 F.3d 1208, 1214 (10th Cir. 2010). The inquiry centers on whether there was duress or coercion arising from, among other things, "physical mistreatment, use of violence or threats of violence, promises or inducements, deception or trickery." *Id.* (internal quotation marks omitted).

Barrera contends that the district court erred by requiring her to prove lack of consent. But even if Kroskey bore that burden, summary judgment was appropriate

because there is no dispute of fact, and nothing in the record suggests coercion or deception. Kroskey's statement that he did not need Barrera's consent if he had Ledesma's consent was not deceptive because it did not mischaracterize the law. And as soon as Kroskey encountered Barrera and she told him to leave, he did. *Cf. Randolph*, 547 U.S. at 106 (consent of one occupant can be overridden by the refusal to consent of a physically present co-occupant).

     We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge